# Lature *v*. Little, *et al.*

## *Claim Suit.*

(Decided November 19, 1912. Rehearing denied December 7, 1912. 60 South. 474.)

*Judgment Entry; Name of Debtor.*—Where there were several John Gilbreath's living in the same community, and judgment was obtained against John A. Gilbreath, but was recorded and certified as against John H. Gilbreath, and subsequent to the judgment, but before the recording of the certificate Gilbreath executed a mortgage conveying certain property, but which was not recorded until after the certificate of the judgment, and before the levy of the execution under the judgment, he delivered the property to the mortgagee as a credit on the mortgage debt, the mortgagee would be protected as an innocent purchaser, the certificate not showing that the judgment was against John A. Gilbreath.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

H. O. Little and another as execution creditors of John A. Gilbreath had execution on a recorded judgment levied on certain property as the property of John A. Gilbreath, and S. H. Lature interposed claim thereto under mortgage and sale of the property to him. Judgment for plaintiff and claimant appeals. Reversed and remanded.

[Lature v. Little, et al.]

E. O. McCord, for appellant. Under the facts in this case the mortgagee had no notice constructive or otherwise that the judgment was against John A. Gilbreath, the record showing that it was against John H. Gilbreath who resided in the same community.—*First Nat. Bank v. Hacoda Mer. Co.*, 53 South. 802; *Martin v. The State*, 144 Ala. 8; *Johnson v. Wilson*, 137 Ala. 472; 65 Mo. 583; 140 Pa. St. 335; 87 Wis. 472; 146 Mass. 321; 18 Tex. Civ. App. 472. Counsel make a point on the sufficiency of the record, but it is not deemed necessary to here set it out.

Street & Isbell, for appellee. The judgment had precedence over the mortgage.—*Wood v. Lake*, 62 Ala. 489; *Hall v. Griffin*, 119 Ala. 214; Sec. 3386, Code 1907. The mistake in the middle initial was wholly immaterial so far as the legal effect of the judgment and its recordation was concerned.—*Pace v. The State*, 69 Ala. 231; 24 A. & E. Enc. of Law, 510; 1 Black on Judgments Secs. 213, 406; 2 Same, Sec. 534. In the first place the mortgagee was not a bona fide purchaser under the evidence.—*Craft v. Russell*, 67 Ala. 9; *Lomax v. Legrand*, 60 Ala. 544; *Manassas v. Dent*, 89 Ala. 568. In the second place, the record of the judgment was notice to the claimant notwithstanding the mistake in the middle initial.—Sec. 4157, Code 1907; *Sebold v. Rodgers*, 110 Ala. 438; *Eason v. Isbel*, 42 Ala. 456.

PELHAM, J.—In the trial of a claim suit in the court below involving certain chattels, it was insisted by the plaintiffs that the property was subject to an execution in their favor against one Gilbreath, the defendant, and the claimant denied this and set up title in himself under certain mortgages executed by Gilbreath to him, under which he had taken possession of the property on the mortgage debt.

The facts as set out in the bill of exceptions show that the plaintiffs had previously brought suit on certain promissory notes in the circuit court against John A. Gilbreath and recovered judgment, but that the judgment was entered up against John H. Gilbreath, and the certificate of the judgment recorded by the plaintiffs was in the name of John H. Gilbreath. Execution was issued on this judgment against John H. Gilbreath and levied on the property claimed. The claimant's mortgage antedated the plaintiff's judgment, but was not recorded until after the judgment was rendered and certificate of judgment recorded. Subsequent to recording the certificate, and prior to the levy, Gilbreath turned the property in question over to the claimant and took credit for the same on the mortgage debt held by him.

The plaintiffs proved on the trial in the claim suit that the complaint in the suit in which they had recovered judgment was against John A. Gilbreath; that he executed the notes sued upon; that he was served with process; that the execution was against him; and that John H. Gilbreath was not sued and had nothing to do with the suit in which judgment was rendered in favor of the plaintiffs. It was also shown by the evidence that there lived in the vicinity of Albertville, Marshall county, Ala., where the transaction was had, three John Gilbreaths, viz., John A. Gilbreath, the party really in question and the owner of the property, and against whom and through whom both parties claim the property, a John H. Gilbreath, who resided in DeKalb county, about eight miles from Albertville, purchasing goods and marketing his farm products there, and one John Gilbreath, who resided at Guntersville, in Marshall county.

Under the facts of this case the rule announced by the Supreme Court in the case of the *First National Bank v. Hacoda Mercantile Co.*, 169 Ala. 476, 53 South. 802, 32 L. R. A. (N. S.) 243, Ann. Cas. 1912B, 599, that "the common-law rule of but one Christian name and one surname, and that a wrong middle initial or name is immaterial (if the rule applies to initials), will certainly not answer the modern requirements of business with reference to recorded conveyances being notice to the world of the conveyancer and the property conveyed," is applicable and the primary court erred in admitting the certificate of judgment recorded against John H. Gilbreath, and in its other rulings that are in conflict with this rule of law as announced by the Supreme Court in the case cited. In support of this holding see, also, *Dutton v. Simmons*, 65 Me. 583, 20 Am. Rep. 729; *Crouse v. Murphy*, 140 Pa. 335, 21 Atl. 358; 12 L. R. A. 58, 23 Am. St. Rep. 232; *Davis v. Steeps et al.*, 87 Wis 472, 58 N. W. 769, 23 L. R. A. 818, 41 Am. St. Rep. 51.; *Williams et al. v. Thomas et al.*, 18 Tex. Civ. App. 472, 44 S. W. 1073.

Reversed and remanded.