J. R. NEVES, *Suing for Union Savings Bank,* v. EDWARD J.
FLANNERY, *et al.*

149 So. 618.
Division B.
Opinion Filed August 2, 1933.

*A. M. Douglas* and *W. F. Philips,* for Appellant;

*C. R. Mathis* and *J. M. Sapp,* for Appellees.

BROWN, J.—Appellant as complainant in the court below
filed his original and amended bill of complaint, seeking to
foreclose the mortgage exhibited therein. This mortgage
was executed by Edwin J. Flannery to J. R. Neves on
October 6, 1925, to secure the payment of a promissory note
for $3,000.00, due and payable October 6, 1926. The
mortgage described the lands covered by it as follows:

"Lots numbered thirteen and fourteen (13 & 14) of
Block Three (3) according to Harmon's platting of South
Panama City, Florida, as per plat on file in the office of
the Clerk of the Circuit Court of Bay County, Florida, at
Panama City. Same being in and a part of the SE¼ of
the SE¼ of Section 9, Township 4 South, Range 14 West;"

and was duly executed and recorded in the office of the Clerk of the Circuit Court of Bay County, on the 13th day of October, 1925. The bill of complaint alleged that one of the defendants, appellee here, the First National Bank of Panama City, held a mortgage on the premises described in complainant's mortgage, dated March 21st, 1927, and recorded March 22nd, 1927, which subsequent mortgage was subject and inferior to the lien of complainant's mortgage.

Decrees *pro confesso* were taken against the other defendants, but appellee, First National Bank, appeared and filed its answer to the original bill, and its answer, cross bill and demurrer and supplemental answer to the amended bill of complaint.

Such answer denied that appellee, at the time it took its mortgage, had actual knowledge or constructive notice that appellant had and held a mortgage which covered or embraced any lands described in that certain mortgage of appellee above referred to, and that the description given in the mortgage of appellant was not sufficient to charge appellee, First National Bank, with notice of the lien of appellant's mortgage. Appellee denied that appellant had or held any lien against the lands described in appellee's mortgage, which mortgage recited that on the 21st day of March, 1927, E. A. O'Donnell and wife, being indebted to the First National Bank of Panama City in the sum of $5,000.00 as evidenced by their promissory note in like amount due June 21st, 1927, made and executed the same to secure the payment of said note. This mortgage correctly described the property mortgaged as follows:

"Lots numbered thirteen (13) and fourteen (14) in Block number three (3) of the T. H. Harmon plat of South Panama City, Florida, as per plat on file in the office of

the Clerk of the Circuit Court, Panama City, Florida, said property being in and a part of SW¼ of the SW¼ of Section nine (9), Township four (4) South, Range fourteen (14) West."

and was duly executed and recorded in the office of the Clerk of the Circuit Court of Bay County, on the 22nd day of March, 1927.

By cross bill and claim of affirmative relief, appellee, First National Bank, sought foreclosure of its note and mortgage, claiming a first lien against the property.

Appellant filed exceptions to the answer of the First National Bank, demurring to the cross bill, and the same was argued before the Chancellor. The exceptions were denied and the demurrer overruled.

It does not appear that there was any denial of the allegations of the complainant's bill concerning the Harmon plat and we deem that it is conceded that only one Harmon plat of Panama City, or any part of Panama City, had ever been filed in the office of the Clerk of the Circuit Court of Bay County.

A special master was appointed and the testimony taken and reported.

It appears that at the time the First National Bank took its mortgage it had no actual notice or knowledge that appellant held or was claiming to hold a mortgage on the property upon which it took its mortgage, and that the complainant appears to have relied mainly upon the record of the mortgage from Flannery to Neves as constituting sufficient notice to the bank that said mortgage was a lien on the property upon which the bank took its mortgage.

It will be noted that the mortgage to the bank described certain lots "of the T. H. Harmon plat of South Panama

City, Florida," whereas the Flannery-Neves mortgage described the same lots "according to Harmon's platting of South Panama City, Florida," both mortgages following these references with the words, "as per plat on file in the office of the Clerk of the Circuit Court," the bank's mortgage adding, "Panama City, Florida," and the Neves mortgage adding, "of Bay County, Florida, at Panama City." As there was only one Harmon plat on file in said clerk's office, we think it is clear that both mortgages referred to the same plat. This plat was dated March 18, 1914, and was entitled in large letters, "Plat Showing Property of T. H. Harmon, South-Panama City, Fla., being S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, Sec. 9, T. 4, R. 14W." In the upper corner of the plat, under the word "Note" appears the following: "This plat is specifically intended to show Nancy Harmon's platting of a portion of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of Section 9, Twp. 4 S., R. 14W., embracing Blocks 9 to 12 inclusive, and forming an addition to the original T. H. Harmon plat of South Panama City, which plat was filed Nov. 25, 1909, at Vernon, Washington County, Florida, and of which a copy is herewith given," etc.

It thus appears that the only substantial difference between the descriptions contained in the two mortgages was that the later or bank mortgage correctly stated that the lots were in the "S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$" of the Section, whereas the earlier, or Neves mortgage incorrectly stated that the lots were in the "S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$" of the same Section. Both descriptions, as we have seen, gave the same lot and block numbers and both referred to the same plat.

The final decree made and entered by its provisions adjudged that the record of the mortgage of appellant, with the description of property as therein contained, did not

constitute and was not effective as constructive notice to appellee, First National Bank, that appellant had and held or claimed any prior mortgage or lien upon the property described in appellee's mortgage; and that the appellee, First National Bank, held a superior lien upon the property described in its mortgage and that the mortgage of appellant is a junior lien upon the property described in his mortgage.

The decree also, without any prayer for such relief, provided that the mortgage of appellant be reformed to read that the lots therein described are "in the SW¼ of the SW¼ ·of Section 9, Township 4 South, Range 14 West" instead of "in the SE¼ of the SE¼ of Section 9, Township 4 South, Range 14 West."

While the circumstances no doubt show that the reformation decreed was in line with the intention of the parties to the Flannery-Neves mortgage, we doubt that such reformation was necessary, and the propriety of making it, in view of the authorities hereinafter cited.

The rule is well settled in this State, and was early advocated in the case of Campbell v. Carruth, 32 Fla. 264, 13 So. 432, that if the description of the land conveyed in a deed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient, and a deed will be sustained, if it is possible from the whole description to ascertain and identify the land intended to be conveyed.

In Black v. Skinner Manufacturing Company, 53 Fla. 1090, 43 So. 919, it was held that:

"In a deed conveying land the most material and most certain description of the land will control over a less material and less certain statement as to the location of the land."

"In a deed of conveyance where a particular· description·

of the land is given which is clear, explicit and certain, and is a complete identification of the land by authentic ascertainments, such description will not be varied by a more general and less definite and particular designation of the locality of the land; as in such case the particular authentic and complete description will be considered as expressing the intent of the parties rather than the general designation of locality."

And in 41 C. J. 403 it is held:

"Where a mortgage, in describing the property intended to be covered, refers to a previous deed or other conveyance of the same property, which contains a full description of it, with such particulars as to the parties to the deed and the place of its record, if the deed is on record, as will enable any person in interest readily to find and consult it, this will cure any defect or uncertainty in the rest of the description; and the same rule applies where the reference is to a patent, or to a recorded map or plat of the city or other civil division containing the property in question." In this connection, see Davis v. Horne, 54 Fla. 563, 45 So. 476.

In the Bank of South Jacksonville v. Cammar, 89 Fla. 296, 103 So. 827, it was held that where one deed refers to another or to a map or plat of a survey for a description, the deed, map or plat referred to becomes as much a part of the instrument making the reference as if actually copied into it. In the case of Sapp v. Warner, 141 So. 124, it was held by this Court that the record of a deed is constructive notice to creditors and subsequent purchasers not only of its own contents, but of such other facts as would have been learned if the record had been examined and inquiries suggested thereby duly prosecuted; and that if, in investigating title, a purchaser with common prudence must have been apprised of another right, notice of that right

is presumed as a matter of implied actual notice. See also Sapp v. Warner, 143 So. 648. This doctrine appears to be supported by 41 C. J. 562. See also Gradolph v. Ricou, 105 Fla. 237, 139 So. 579; Federal Land Bank v. Dekle, 108 Fla. 555, 148 So. 756.

In the same work, 41 C. J., pp. 564-565, the following appears:

"If the description of the property in a mortgage wholly fails to identify that intended to be encumbered, or by mistake is so expressed as to be applicable only to a different tract or lot, so that it could not be enforced without invoking the aid of a court of equity to reform it, the record of it is not notice to subsequent purchasers or lienors. But if the description is merely ambiguous or incomplete, it is sufficient to put such persons on inquiry; and if it is apparent from the face of the record that there is a mistake or mis-description, which is capable of being corrected from other parts of the same instrument, or other details of the same description, it operates as a constructive notice."

It might be observed in this case that the description in the Neves-Flannery mortgage would have been sufficient and complete even if the words "same being in and a part of the SE¼ of the SE¼ of Section 9, Township 4 South, Range 14 West" had been omitted. The reference to the block and lots of the Harmon Plat "as per plat on file in the office of the Clerk of the Circuit Court of Bay County, Florida, at Panama City," there being only one Harmon plat so on file, was sufficient to identify the property mortgaged. Both the mortgage of appellant and the mortgage of appellee depend upon the Harmon plat. Without that plat, neither party could have located the lands. Appellant's mortgage showed the identical lots in the identical block in the only Harmon Plat of South Panama City on file in

said clerk's office, and the First National Bank was thus put upon inquiry that the property described in appellant's mortgage, as recorded, was actually in the Harmon plat, and due and proper investigation would have resulted in establishing the fact that there was no Harmon platting or Harmon plat on file in the office of said Clerk other than the T. H. Harmon Plat, and that the Harmon plat showed that the lands were in the S. W. ¼ of the S. W. ¼ of said Section 9, Township 4 South, Range 14 West. Furthermore, as the evidence shows, said Edward J. Flannery received title by deed to the property here in question, which deed was dated September 26, 1925, and duly recorded October 12, 1925. The grantors in this deed to Flannery were a Mrs. Hammack, widow, J. R. Neves, *et al.,* and correctly described the property in substantially the same language as was done in the mortgage to the appellee bank, showing that it was in the S. W. ¼ of the S. W. ¼ of the section in question. Thus the ambiguity in that respect, between the portion of the description as contained in the Neves mortgage and the plat therein referred to, was explained away by the record, and rendered innocuous in so far as the validity of the mortgage was concerned, and free from any objection in so far as the effect of its record as notice to subsequent mortgagees was concerned. This is in line with the familiar maxim, *"Id certum est quod certum reddi potest."*

In the light of the authorities above cited we are of the view that the record of the mortgage of Flannery to Neves was sufficient to put the appellee bank on notice of the rights of the holder of said prior mortgage, thus rendering the same superior to the subsequent mortgage to the bank. It follows that the decree of the court below must be reversed.

Reversed and remanded for further proceedings consistent with the foregoing opinion.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.