C. O. TEATE, et ux., v. JULIETTE C. MONTGOMERY, et al.

156 So. 18.

Division A.

Opinion Filed June 25, 1934.

Petition for Rehearing Denied July 25, 1934.

*R. H. House,* for Appellants; *N. G. & John Fite Robertson,* for Appellees.

DAVIS, C. J.—A mortgage was foreclosed on property described in the mortgage, bill of complaint and final decree as follows:

"Lot 18, Block 23, Crescent Beach Subdivision on Siesta Key in said County and State as said subdivision is shown by a plat thereof recorded in Plat Book 1 at page 79, Public Records of Sarasota County, Florida."

A more accurate description of the property was the following, as described in a petition for writ of assistance:

"Lot 18, Block 23, of the subdivision of Crescent Beach Development Company's Subdivision known as Sarasota Beach, according to plat thereof of record in Plat Book 1, page 76 to 81, inclusive."

Without seeking to reform the description of the land contained in the mortgage and mortgage foreclosure proceedings, the purchaser at foreclosure sale filed petition for writ of assistance to secure possession of the property at last above described. This appeal in this case is from the court's order awarding a writ of assistance after a hearing and specific finding that the property as described in the petition for writ of assistance was and is the same as that

described in the mortgage, foreclosure proceedings and final decree.

We agree with counsel for appellant that a petition for writ of assistance must follow the description of land as contained in the final decree, and that if the description in the foreclosed mortgage is erroneous, and such erroneous description has been carried into the foreclosure proceedings, the petition for writ of assistance cannot undertake to have corrected that which can only be reached by a supplemental bill to reform the mortgage and foreclosure proceedings and thereby re-foreclose the mortgage under a correct description.

But our conclusion in this case is that both descriptions, that is, the description in the mortgage and the description in the writ of assistance, do refer to the same property in that both refer to the same recorded plat and both refer to Lot 18 of Block 23 of such recorded plat, whether the plat is correctly entitled or not.

The essential part of the description is to be found in the reference made to the lot and block number and the particular plat on which each of these numbers appears. In the present case the description in its essential particulars reads: "Lot 18, Block 23, * * * according to plat * * * recorded in plat book 1 at page * * * 79 * * *." Insofar as other non-essential matters contained in the descriptions as stated are concerned, conflicts and uncertainties therein must yield to the stated lot number and block designation, both descriptions appearing to refer to the same plat, that is, to a plat to be found on page 79, Public Records of Sarasota County.

Since the same plat will be found by reference to any page of plat book 1 beginning with page 76 and ending with page 81, both descriptions necessarily refer to one and the

same plat and both lot and block numbers are necessarily the same, there being no duplicate lot and block numbers on the plat. The case is therefore one of patent not latent ambiguity. And the error, if any, in the first description is self-correcting, because both descriptions will guide a surveyor to the same identical symbolic square on the same identical plat in the same identical plat book in the same clerk's office. See Neves v. Flannery, 111 Fla. 608, 149 Sou. Rep. 618.

It follows that the decree appealed from must be affirmed, and it is so ordered.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.