204 So.2d 334 (1967)
Eugene A. McCAUSLAND, Appellant,
v.
Nancy A. DAVIS, As Trustee, Appellee.
No. 7313.
District Court of Appeal of Florida. Second District.
September 20, 1967.
Rehearing Denied December 19, 1967.
Julian R. Howay, of Bacon, Hanley & Howay, St. Petersburg, for appellant.
David A. Davis, of Davis & Hagin, Bushnell, for appellee.
*335 SHANNON, Judge.
Nancy A. Davis, as trustee for Coastal Aviation, Inc., brought suit to have her claim of ownership of a certain airplane, a Cessna Skyhawk, declared superior in right to that of Eugene A. McCausland. The parties stipulated that the court below decide the cause on the basis of the pleadings, depositions, admissions, answers to interrogatories, and briefs filed therein. From an adverse judgment McCausland brings this appeal.
It appears that in April, 1962, two officers of Coastal Aviation, Inc., borrowed $10,000.00 from Exchange National Bank of Tampa, giving the bank their personal note for that amount. This money was used by Coastal to purchase the airplane in question. No written security was given the bank, but there apparently was an understanding that upon sale of the airplane by Coastal the proceeds therefrom would be used to pay off the note.
In May, 1963, International Flight Service, Inc., using in part monies borrowed from appellant, purchased all the assets of Coastal, including the airplane, and assumed all of Coastal's liabilities, including the $10,000.00 note. As security for payment of the purchase price International gave Coastal a chattel mortgage purporting to cover all of said assets. Coastal gave International a bill of sale for the airplane showing that the $10,000.00 note constituted an encumbrance thereon. This bill of sale was recorded with the Federal Aviation Agency, but the chattel mortgage was never so recorded.
International subsequently defaulted on its payments to Coastal, and in March, 1964, appellee, on behalf of Coastal, instituted foreclosure proceedings on the airplane. No notice of lis pendens was filed. At approximately the same time International gave appellant a bill of sale for the airplane in part repayment of his loan. (It does not appear for certain whether this occurred before or after the institution of the foreclosure proceedings.) Appellant filed his bill of sale with the FAA on April 7, 1964; he never caused a title search to be made. By this time appellee had taken possession of the airplane pursuant to court order. A decree of foreclosure was rendered on April 17, and the airplane was purchased by appellee at public sale on May 8. When appellee filed her certificate of title for registration with FAA, she for the first time learned of appellant's claim.
Some sixteen months later, after appellant had refused to yield his claim on the airplane, appellee paid off the $10,000.00 note and instituted this suit. Her claim to the title was on two grounds: her discharge of the note in favor of the bank, and her purchase of the airplane at public sale pursuant to the foreclosure decree. Appellant disclaimed actual knowledge of either the note or the chattel mortgage at the time he received the bill of sale from International. He contended that he should not be charged with knowledge of the note, on the ground that it did not constitute a lien on the airplane. He further contended that he should not be charged with knowledge of the chattel mortgage, since it had never been recorded with the FAA, and since no notice of lis pendens had been filed in accordance with the foreclosure proceedings. He urges these same points as the basis for his appeal. This controversy, then, turns very simply on the question of whether or not appellant, at the time he received the bill of sale from International, had legal notice of any valid adverse claim of interest in the airplane.
There are three types of notice by which a party may be held to have had knowledge of a particular fact: actual notice, implied notice (or implied actual notice), and constructive notice. "Actual notice" stems from actual knowledge of the fact in question. "Implied notice" is factual inference of such knowledge, inferred from the availability of a means of acquiring such knowledge when the party charged therewith had the duty of inquiry. "Constructive notice" is the inference of such knowledge by operation of law, as under a recording *336 statute. Hagan v. Sabal Palms, Inc., Fla. App. 1966, 186 So.2d 302, 313; First Fed. Sav. & Loan Ass'n of Miami v. Fisher, Fla. 1952, 60 So.2d 496, 499; Rinehart v. Phelps, 1942, 150 Fla. 382, 390, 7 So.2d 783, 786; Sapp v. Warner, 1932, 105 Fla. 245, 255, 141 So. 124, 127, 143 So. 648. The trial court's final order does not reveal which type of notice appellant was found to have had, as it states merely that the equities favored appellee.
The recording statute applicable here is found in the Federal Aviation Act of 1958. 49 U.S.C., Sec. 1403. It is clear that under that statute appellant cannot be said to have had constructive notice of the chattel mortgage, since it was never recorded with the FAA. Id., Sec. 1403(c). However, a record, in addition to being constructive notice of its own existence and contents, gives rise to implied notice of such other facts as would be disclosed by duly prosecuted inquiries suggested by it. Hagan v. Sabal Palms, Inc., supra, 186 So.2d at 313; Housing Authority of City of Miami v. Macho, Fla.App. 1966, 181 So.2d 680, 681; Tri-County Produce Distribs., Inc. v. Northeast Prod. Credit Co., Fla.App. 1963, 160 So.2d 46, 51; Delesdernier v. O'Rourke & Warren Co., 5th Cir.1962, 305 F.2d 929, 931; Chatlos v. McPherson, Fla. 1957, 95 So.2d 506, 509; Hull v. Maryland Cas. Co., Fla. 1955, 79 So.2d 517, 519; Zaucha v. Town of Medley, Fla. 1953, 66 So.2d 238, 240; Pierson v. Bill, 1938, 133 Fla. 81, 93-94, 182 So. 631, 636; Neves v. Flannery, 1933, 111 Fla. 608, 613-614, 149 So. 618, 620; Sapp v. Warner, supra, 105 Fla. at 257, 141 So. at 127-128. A person cannot remain wilfully ignorant of a fact where knowledge of it is readily ascertainable through means which it is his duty to use. United Contractors, Inc. v. United Constr. Corp., Fla.App. 1966, 187 So.2d 695, 701; Hagan v. Sabal Palms, Inc., supra, 186 So.2d at 313; Sapp v. Warner, supra, 105 Fla. at 255, 141 So. at 127.
It was appellant's duty to search the record of title to the airplane, and if he had done so, he would have learned of the note in favor of the bank. The court below, acting as the factfinder, would have been entitled to find that a prudent man in appellant's position, upon learning of the existence of that note, would have made further inquiry into the exact state of the title to the airplane and that such inquiry, if duly prosecuted, would have revealed Coastal's interest. It would have been proper, therefore, to have charged appellant with knowledge of the chattel mortgage, through the rubric of implied notice.
Since appellant can be said to have had implied notice of the chattel mortgage, it is unnecessary to determine whether the evidence would have sustained a finding of actual notice and whether the note constituted a valid lien on the airplane.
Finding no error, we affirm the judgment of the court below.
Affirmed.
ALLEN, Acting C.J., and LENFESTEY, JAMES A., Associate Judge, concur.