341 So.2d 247 (1976)
Sherman SACKHEIM and Paula Sackheim, Appellants,
v.
MARINE BANK & TRUST COMPANY, a Corporation, et al., Appellees.
No. 76-499.
District Court of Appeal of Florida, Second District.
December 29, 1976.
Rehearing Denied January 27, 1977.
*248 John P. Frazer, of Frazer & Hubbard, Dunedin, for appellants.
James W. Hagen, of Fowler, White, Gillen, Bobbs, Villareal & Banker, P.A., Clearwater, for appellees.
WETHERINGTON, GERALD T., Associate Judge.
This appeal is from a final judgment rendered by the Circuit Court of Pinellas County in a judgment lien foreclosure suit. The circuit court held that appellee, Marine Bank & Trust Company, has a valid judgment lien on a one-half undivided interest in the subject real property located in Pinellas County and owned by appellants, Sherman and Paula Sackheim, but that this judgment lien is unenforceable as long as the appellants Sackheims hold the property as homestead property. Appellee Marine Bank has cross-assigned as error that portion of the final judgment holding that the judgment lien is presently unenforceable.
Most of the facts were stipulated to by the parties in the nonjury trial before the circuit court and are agreed to on appeal. Appellees, Opal G. Hamm and Edward R. Hamm, owned the subject Pinellas County real property as husband and wife. On February 13, 1973 their marriage was dissolved and they became tenants in common of the subject property, each owning a one-half undivided interest therein. Under the terms of the dissolution judgment, however, Mrs. Hamm continued to reside with the children on the subject property as her homestead until the sale of the property to appellants Sackheims.
Subsequent to the dissolution of the Hamm marriage, appellee, Marine Bank, sued appellee, Edward R. Hamm, in Hillsborough County on a promissory note, but sued him in the name of Edward P. Hamm. Although learning his correct name prior to obtaining a final judgment in this action, appellee Marine Bank recovered judgment in the principal sum of $18,647.25 against him in the name of Edward P. Hamm. A certified copy of this judgment was recorded in the public records of Pinellas County on December 5, 1973.
In October of 1973, appellees Hamms entered into a contract to sell the subject property to appellants Sackheims. The sale occurred on December 10, 1973 without the appellants having actual notice of the December 5, 1973 judgment lien.
On these facts, the trial judge held, as a matter of law, that appellants had constructive notice that the recorded judgment was a lien on the one-half undivided interest in the property owned by Edward R. Hamm and therefore appellants acquired the property subject to this judgment lien. He accordingly declined to hear appellants' factual evidence as to whether a reasonable title examiner would have been put on notice to inquire based upon the recording of the judgment with the erroneous middle initial.
We cannot agree with this holding. This court in McCausland v. Davis, 204 So.2d 334, 335, 336 (Fla.2d DCA 1967) described the types of notice of lien imputable to a purchaser as follows:
"There are three types of notice by which a party may be held to have had knowledge of a particular fact: actual notice, implied notice (or implied actual notice), and constructive notice. `Actual notice' stems from actual knowledge of the fact in question. `Implied notice' is factual inference of such knowledge, inferred from the availability of a means of acquiring such knowledge when the party charged therewith had the duty of inquiry. *249 `Constructive notice' is the inference of such knowledge by operation of law, as under a recording statute..." In accord, Sapp v. Warner, 105 Fla. 245, 141 So. 124 (1932).
It has been stipulated that appellants Sackheims had no actual notice of the judgment lien. Moreover, it is clear that since there was an error in the name contained in the recorded judgment, no constructive notice as defined above was imputable to them. A proper recording is obviously required to give the full benefits of recorded or constructive notice.
However, the appellants were constructively charged with whatever the public records would have revealed, so the type of notice in question in this case is implied notice or implied actual notice. This is made clear by McCausland, supra, in which this court further stated:
"... However, a record, in addition to being constructive notice of its own existence and contents, gives rise to implied notice of such other facts as would be disclosed by duly prosecuted inquiries suggested by it... ." 204 So.2d 336.
The standard and method to be applied in determining whether a purchaser has implied actual notice are also provided in McCausland, supra, in the following words:
"The court below, acting as the factfinder, would have been entitled to find that a prudent man in appellant's position, upon learning of the existence of that note, would have made further inquiry into the exact state of the title to the airplane and that such inquiry, if duly prosecuted, would have revealed Coastal's interest... ." 204 So.2d 336.
As to the precise type of fact in question, an erroneous middle initial, appellants Sackheims have cited cases from other jurisdictions which, in the circumstances of the cases cited, hold that an erroneous middle initial is not the basis for imputing notice to the purchaser. Allen West Commission Co. v. Millstead, 92 Miss. 837, 46 So. 256 (1908); Turk v. Benson, 30 N.D. 200, 152 N.W. 354 (1915); Lature v. Little, 6 Ala.App. 278, 60 So. 474 (1912). Appellee, Marine Bank, has cited authorities holding that under the circumstances involved therein an erroneous or missing middle initial was sufficient basis for imputing notice to the purchaser. Gilbert v. Berry, 190 Iowa 170, 180 N.W. 148 (1920); Coral Gables, Inc. v. Kerl, 334 Pa. 441, 6 A.2d 275 (1939). These cases should be examined by the circuit court in making its ultimate finding of fact on the notice issue, but the decision must ultimately be made by considering the facts and circumstances involved in the instant case.
It cannot be said, therefore, that an erroneous middle initial in a recorded judgment automatically requires or prevents a finding of implied actual notice as defined in McCausland, supra. Its significance is dependent upon the attendant circumstances as evaluated by a reasonably careful title examiner. The circuit court erred in holding otherwise and in refusing to consider appellants' evidence on this issue.
Nor can we agree with the circuit court's holding that if the judgment lien is valid it is nonetheless unenforceable as long as appellants hold the property as homestead property. It may well be, as the Third District Court of Appeal has held in Daniels v. Katz, 237 So.2d 58 (Fla.3d DCA 1970), that a lien on a former husband's one-half undivided interest in homestead property cannot be enforced as long as the former wife resides on the property as homestead property. But when both she and her former husband sell their interest in the property and it is no longer occupied by either of them as homestead property, the bar to enforceability of the judgment lien on the former husband's one-half undivided interest vanishes. At this point, the purpose and protection of homestead exemption have been consummated and exhausted. The court in Daniels expressly agrees in the following words:
"When the property loses its status as homestead, the liens would then be subject to enforcement." 237 So.2d 60.
See also Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Anemaet v. Martin-Senour Co., 114 So.2d 23 (Fla.2d DCA 1959).
*250 Therefore, if the December 5, 1973 judgment lien is valid as to the subject property, it attached prior to the acquisition of any homestead rights of appellants and therefore is superior thereto and presently enforceable. Aetna Insurance Co. v. LaGasse, 223 So.2d 727 (Fla. 1969).
Accordingly, the final judgment appealed from is reversed and this cause is hereby remanded to the Circuit Court of Pinellas County with instructions to grant a new trial and to enter judgment in accordance with this opinion.
McNULTY, C.J., and GRIMES, J., concur.