ALTENBERND, Judge,
concurring.
I doubt that the release order filed on November 18, 1994, created a Ken against any property. I agree that neither that document nor any other document in this record can create a Ken which attaches at this time against Ms. Ergos’ homestead. On the other hand, the trial court entered a judgment for restitution on October 18, 1994, in the amount of $45,000, payable to the estate of John G. Aposotos. Assuming this judgment is properly recorded, it is comparable to any other judgment Ken and may eventually attach to Ms. Ergos’ home if it ceases to be homestead property. Miskin v. City of Fort Lauderdale, 661 So.2d 415 (Fla. 4th DCA 1995); Sackheim v. Marine Bank & Trust Co., 341 So.2d 247 (Fla. 2d DCA 1977). Our opinion does not affect that judgment.
Ms. Ergos has no spouse and her children are all adults. Along with several other people, she engaged in a wiK fraud that caused a sizable loss to Mr. Aposotos’ heirs. Ironically, because of the law of homestead, it is likely that her only significant asset wiK be transferred upon her death to her adult chK-dren, while the heirs of Mr. Aposotos wiK receive nothing from her estate. In re Estate of Scholtz, 543 So.2d 219 (Fla.1989).