WALLACE, Judge.
Regions Bank, successor by merger with AmSouth Bank, appeals a final summary judgment determining that because of certain irregularities in the formatting of the legal description of the subject real property in its mortgage, Albert Deluca; Adrienne Deluca; and JPMorgan Chase Bank, National Association, were bona fide purchasers for value and without notice of Regions Bank’s prior recorded mortgage. Because the irregularities in the formatting of the legal description were capable of being corrected from other parts of the same instrument, the Delucas and JPMor-gan had constructive notice of the mortgage held by Regions Bank. Accordingly, we reverse the final summary judgment.[1]
I. THE FACTUAL BACKGROUND
From June 2003 through June 2005, Ralph A. Fulchino and Katheryn Y. Ful-chino owned real property in Naples referred to as “the Olde Cypress property.” In 2003, the Fulchinos gave AmSouth Bank a first mortgage and a second mortgage on the Olde Cypress property.
In 2005, the Fulchinos applied for a new mortgage loan from AmSouth to purchase real property in Bonita Springs referred to as “the Bayfront Gardens property.” On April 12, 2005, in connection with their purchase of the Bayfront Gardens property, the Fulchinos borrowed $1,690,000 from AmSouth and gave AmSouth a mortgage. The new mortgage was prepared on a standard Fannie Mae/Freddie Mac mortgage form document intended for use in Florida. The entire instrument consists of nineteen pages. The first eleven pages consist of the basic mortgage document. The loan number appears on the first page of the mortgage. The twelfth page is labeled “EXHIBIT A’”; it contains legal descriptions of the Bayfront Gardens property and the Olde Cypress property. Exhibit “A” is followed by three riders: (1) a two-page “Planned Unit Development Rider,” (2) a two-page “Adjustable Rate Rider,” and (3) a three-page “1-4 Family Rider.”
There is a blank space approximately three inches high on page two of the form. The drafter or drafters of the form provided this space for the scrivener of the mortgage to insert the legal description of the mortgaged property. Notably, this space remains blank on the mortgage. In other words, the scrivener did not insert the legal description of either the Bayfront Gardens property or the Olde Cypress property in the space provided for that purpose. In addition, the scrivener failed to insert words to the effect of “See attached EXHIBIT A’ for legal description.” Immediately after the blank space the scrivener completed the portion of the form provided for the insertion of the address of the mortgaged property as follows: “which currently has the address of 239 Bayfront Drive, Bonita Springs, FL 34134 (‘Property Address’).” This is the address for the Bayfront Gardens property, not the Olde Cypress property.
The single page Exhibit “A” to the mortgage bears some examination. In the upper left hand corner of Exhibit “A” appears the name of the mortgagor, “Fulchi-no,” and a ten-digit number that corresponds to the loan number referenced on the first page of the mortgage instrument. The designation “Parcel 1” appears below “Exhibit A,’ ” followed by the legal description and parcel identification number for the Bayfront Gardens property. Be *882 low that legal description and parcel identification number appears a legend centered and in capital letters that reads: “PROPERTY DESCRIBED BELOW CONSTITUTES ADDITIONAL COLLATERAL TO SECURE THE DEBT EVIDENCED BY THIS MORTGAGE.” The words “AND Parcel 2” appear below this legend. The legal description and the parcel identification number for the Olde Cypress property follow. Finally, Exhibit “A” concludes with a release clause for the mortgage applicable to Parcel 2, the Olde Cypress property.
The Fulchinos executed the mortgage as “Borrower” on April 12, 2005. The mortgage was recorded on April 15, 2005, in Official Record Book 3776, pages 79 through 97, of the Public Records of Collier County, Florida. At this point, the bread fell butter side down. The clerk’s office properly indexed the mortgage under the names of the Fulchinos in the grantor/grantee index. But the abstract of the legal description of the property subject to the mortgage in the clerk’s index included only the Bayfront Gardens property, not the Olde Cypress property.
On June 28, 2005, approximately two and one-half months after the AmSouth third mortgage was executed and recorded, the Fulchinos sold the Olde Cypress property to the Delucas for $1,200,000. In connection with their purchase of the Olde Cypress property, the Delucas obtained a loan for $900,000 from JPMorgan’s predecessor in interest.[2] This subsequent mortgage, now held by JPMorgan, was dated June 28, 2005, and recorded July 22, 2005, in Official Record Book 3850, page 3953, of the Public Records of Collier County, Florida.
Unfortunately, the title search conducted in connection with the Delucas’ purchase of the Olde Cypress property from the Fulchinos did not disclose the existence of the AmSouth third mortgage. AmSouth’s first and second mortgages on the Olde Cypress property were satisfied from the closing proceeds. However, because of its omission from the title search, the AmSouth third mortgage was neither satisfied nor released as to the Olde Cypress property at the closing between the Fulchinos and the Delucas. The closing statement prepared in connection with the transaction reflects that the Fulchinos received net proceeds from the closing of $517,380.28. There is no evidence in the record that either the Delucas or JPMor-gan’s predecessor in interest had actual notice that AmSouth claimed to hold a third mortgage on the Olde Cypress property.
At some point after the Fulchinos sold the Olde Cypress property to the Delucas, AmSouth Bank was merged into Regions Bank. In the remainder of this opinion, we will refer to the AmSouth third mortgage that was not satisfied or released at the closing between the Fulchinos and the Delucas as “the Regions Bank mortgage.”
Mr. Fulchino died in December 2008. Thereafter, the Regions Bank mortgage went into default. In October 2009, Regions Bank filed an action to foreclose its mortgage on both the Bayfront Gardens property and the Olde Cypress property. Because the Delucas and JPMorgan had interests in the Olde Cypress property as owners and mortgagee, respectively, Regions Bank named them as defendants in its foreclosure action. The Delucas and JPMorgan filed an answer and affirmative defenses. They alleged as one of their affirmative defenses that they “were bona fide purchasers without notice of any inter *883 est Regions [Bank] or its predecessor may have had in [the Olde Cypress property].”
II.THE SUMMARY JUDGMENT MOTION AND THE CIRCUIT COURT’S RULING
Later, the Delucas and JPMorgan moved for summary judgment regarding Regions Bank’s foreclosure of the Olde Cypress property. In support of their motion, the Delucas and JPMorgan argued “that they were bona fide purchasers of [the Olde Cypress property] without any notice of the [Regions Bank] Mortgage’s alleged encumbrance, and hence, Regions [Bank] cannot foreclose the Mortgage against [the Olde Cypress property].”
At the hearing on the motion, the circuit court announced its oral ruling as follows: [T]he Delucas were bona fide purchasers for value of [the Olde Cypress] property and ... there was not sufficient notice. As was stated, the only portion of the mortgage body referred to a[n] address, and that address was not the one that was encumbered.
It is the law, from the Court’s memory, that if an address is stated and you can relate that to the legally-described property, that’s what is effective. And the Court ... feels that the — the only address was the one that was not encumbered by the Delucas.
In the final summary judgment, the circuit court ruled that the Delucas and JPMor-gan were bona fide purchasers for value and without notice of the Regions Bank mortgage, and it dismissed Regions Bank’s foreclosure action with prejudice as to the Olde Cypress property. This appeal followed.
III.THE STANDARD OF REVIEW
The pertinent facts here are essentially undisputed. The parties agree that the applicable standard of review for the
final summary judgment is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
IV.THE PARTIES’ ARGUMENTS
Florida’s recording statute, section 695.01, Florida Statutes (2004), provides, in pertinent part, as follows:
(1) No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law....
“The act of recording an instrument in accordance with this statute constitutes constructive notice of a prior encumbrance on the property which is the subject of the instrument.” Lafitte v. Gigliotti Pipeline, Inc., 624 So.2d 844, 845 (Fla. 2d DCA 1993) (citing Bank of S. Palm Beaches v. Stockton, Whatley, Davin & Co., 473 So.2d 1358, 1360 (Fla. 4th DCA 1985), abrogated on other grounds by Suntrust Bank v. Riverside Nat’l Bank of Fla., 792 So.2d 1222 (Fla. 4th DCA 2001)). “Constructive notice is a legal inference, and it is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index — the official records.” Dunn v. Stack, 418 So.2d 345, 349 (Fla. 1st DCA 1982), quashed on other grounds, 444 So.2d 935 (Fla.1984).
The Delucas and JPMorgan acquired their interests in the Olde Cypress property after the Regions Bank mortgage was executed and recorded. Thus, with regard to the Regions Bank mortgage, the Delu-cas and JPMorgan are subsequent purchasers for value. Section 695.01 is a “notice” type of recording statute. Argent Mortg. Co. v. Wachovia Bank N.A., 52 So.3d 796, 801 (Fla. 5th DCA 2010).
*884 Therefore, the Regions Bank mortgage has priority over the interests of the Delu-cas and JPMorgan in the Olde Cypress property unless the Delucas and JPMor-gan were without notice of the Regions Bank mortgage when they acquired their interests in the property. Id. at 799, 801.
For the purpose of applying the recording statute, notice may take different forms:
There are three types of notice by which a party may be held to have had knowledge of a particular fact: actual notice, implied notice (or implied actual notice), and constructive notice. “Actual notice” stems from actual knowledge of the fact in question. “Implied notice” is [the] factual inference of such knowledge, inferred from the availability of a means of acquiring such knowledge when the party charged therewith had the duty of inquiry. “Constructive notice” is the inference of such knowledge by operation of law, as under a recording statute.
McCausland v. Davis, 204 So.2d 334, 335-36 (Fla. 2d DCA 1967). There is no issue here about actual notice. Instead, Regions Bank argues that the Delucas and JPMor-gan had constructive notice of its mortgage on the Olde Cypress property when they acquired their interests in the property.[3] Regions Bank asserts that the description of the Olde Cypress property on Exhibit “A” was sufficient to give constructive notice that the mortgage encumbered the Olde Cypress property as well as the Bay-front Gardens property.
The Delucas and JPMorgan make two arguments in support of their claim that they were not on constructive notice that the Regions Bank mortgage encumbered the Olde Cypress property. First, Exhibit “A,” which contained the legal description and parcel identification number for the Olde Cypress property, was not properly identified and incorporated into the mortgage. Second, the language of the Fannie Mae/Freddie Mac form mortgage defines the term “Property” in such a manner that only one property — the Bayfront Gardens property — is encumbered by the mortgage.
V. DISCUSSION
The lien of a mortgage only covers the property that is described in the mortgage. § 697.02, Fla. Stat. (2004); Sunshine Meadows Condo. Ass’n v. Bank One, Dayton, N.A., 599 So.2d 1004, 1007 (Fla. 4th DCA 1992). It follows that the recording of a mortgage with no description of the property or a description that would have to be reformed to be effective does not constitute constructive notice and defeats the effect and purpose of recordation. See Neves v. Flannery, 111 Fla. 608, 149 So. 618, 620 (1933) (quoting 41 C.J. at 564-65); Air Flow Heating & Air Conditioning, Inc. v. Baker, 326 So.2d 449, 451 (Fla. 4th DCA 1976). However, in considering the sufficiency of a legal description in a mortgage, one must examine the entire instrument:
[I]f it is apparent from the face of the record that there is a mistake or misde-scription, which is capable of being corrected from other parts of the same instrument, or other details of the same description, it operates as a constructive notice.
Neves, 149 So. at 620 (quoting 41 C.J. at 564-65). Based on this principle, the Florida courts have repeatedly held descriptions of property in mortgages suffi- *885 dent despite minor mistakes and irregularities where the description of the property intended to be encumbered could be determined from a review of the entire instrument. See, e.g., Fed. Land Bank of Columbia v. Dekle, 108 Fla. 555, 148 So. 756, 757 (1938) (holding description of lands by government surveys and subdivisions sufficient despite reference to lands as being in Calhoun County when they were in fact in Jackson County); Neves, 149 So. at 620-21 (holding description of land by reference to lots, block number, and name of recorded plat sufficient despite erroneous statement that the land was located in “the SE 1/4 of the SE 1/4” instead of in “the S.W. 1/4 of the S.W. 1/4” of the appropriate section); Merrell v. Ridgely, 62 Fla. 546, 57 So. 352, 353 (1912) (holding description of land by lot and block number of named subdivision sufficient despite reference to an incorrect plat book for the subdivision); Fid. Bank of Fla. v. Nguyen, 44 So.3d 1238, 1239 (Fla. 5th DCA 2010) (holding description of land by lot and block number of a subdivision identified by name and the designation of the correct plat book sufficient despite reference to an incorrect page number of the plat book), review denied, 57 So.3d 846 (Fla.2011). With these basic principles in mind, we turn to an examination of the arguments made by the Delucas and JPMorgan on the issue of constructive notice.
The first argument made by the Delucas and JPMorgan is that the Regions Bank mortgage did not provide constructive notice concerning the Olde Cypress property because Exhibit “A” was not properly identified and incorporated into the mortgage. We disagree with this argument for two reasons.
First, the recording of the Regions Bank mortgage provided constructive notice not only of the existence of the instrument but also of its contents. See Hull v. Md. Cas. Co., 79 So.2d 517, 519 (Fla.1954); Crenshaw v. Holzberg, 503 So.2d 1275, 1277 (Fla. 2d DCA 1987). Exhibit “A” constituted the twelfth page of a nineteen-page document. Accordingly, Exhibit “A” was a part of the entire mortgage and was not extraneous to it. Anyone who examined the mortgage would necessarily read Exhibit “A.” This exhibit, contained within the four corners of the mortgage, carried a legend in capital letters placed in the center of the page and reciting that the Olde Cypress property was “additional collateral for the debt evidenced by this mortgage.” (Emphasis added.) These facts are sufficient to identify Exhibit “A” as part of the mortgage and to incorporate the exhibit into the mortgage.
Second, Exhibit “A” was linked to the rest of the mortgage instrument through its content, not just its placement within the four corners of the document. The name of the mortgagor, “Fulchino,” appeared in the upper left hand corner of the exhibit along with a ten-digit number, corresponding to the loan number on the first page of the mortgage. In addition to providing a legal description for the Olde Cypress property, Exhibit “A” had a legal description for the Bayfront Gardens property that was identified by street address on page two of the mortgage. Furthermore, Exhibit “A” contained a release clause applicable to the Olde Cypress property for “the mortgage loan.” These items unmistakably linked Exhibit “A” to the remainder of the instrument.
From an examination of the Regions Bank mortgage, it would be immediately apparent to anyone with minimal knowledge of real estate practice that the scrivener of the instrument neglected to insert an appropriate reference to Exhibit “A” in the blank space provided on page two of *886 the document. This was clearly a mistake. However, the mistake is capable of being corrected by the placement of Exhibit “A” within the four corners of the mortgage, the particular language used in Exhibit “A,” and the internal links between Exhibit “A” and the remainder of the instrument. Under these circumstances, the Regions Bank mortgage operated as constructive notice for the Olde Cypress property. See Neves, 149 So. at 620.
The second argument made by the Delu-cas and JPMorgan is that the language of the Fannie Mae/Freddie Mac form mortgage defines the term “Property” in such a manner as to exclude the Olde Cypress property from the lien of the Regions Bank mortgage. This argument is based on a close reading of multiple provisions of the mortgage. To make this argument, one must actually read the mortgage. One cannot reasonably read pages one through eleven and pages thirteen through nineteen of the mortgage while ignoring Exhibit “A” on page twelve. Anyone reading page twelve would necessarily read the legend placed in the center of the page announcing in capital letters that the Olde Cypress property “constitutes additional collateral to secure the debt evidenced by this mortgage.” However closely one may parse the terms of the Fannie Mae/Freddie Mac form mortgage, this language is sufficient to provide constructive notice that the Olde Cypress property — as well as the Bayfront Gardens property — is subject to the lien of the Regions Bank mortgage.
VI. CONCLUSION
The dispute between the parties in this case arises from an unfortunate chain of events. Insofar as the record reveals, the Delucas and JPMorgan relied in good faith on a title search that did not disclose the existence of the Regions Bank mortgage.
Nevertheless, the undisputed facts and the applicable law establish that the Delucas and JPMorgan had constructive notice that the lien of the Regions Bank mortgage encumbered the Olde Cypress property. The circuit court erred in ruling to the contrary. Accordingly, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.

. The final summary judgment did not affect the other parties in the circuit court action, and those parties did not join in or oppose this appeal. In the interest of simplicity, we have omitted the names of the other patties from the caption of this case.

. In the balance of this opinion, a reference to ‘‘JPMorgan” should be understood to refer either to that party or to its predecessor in interest, as the context may require.

. Regions Bank also argues that the Delucas and JPMorgan had implied actual notice of its mortgage on the Olde Cypress property. Based on our disposition of the case, we need not reach the issue of implied actual notice.