DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACK TOWNSEND III,** Trustee,
Appellant,

v.

**C.T. BOX,** Trustee**, MARIA BOWMAN, NANCY TOWNSEND,** and
**REPUBLIC CONSUMER LENDING GROUP, INC.,** a Florida Corporation,
Appellees.

No. 4D18-3004

[February 12, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Barbara W. Bronis, Judge; L.T. Case No. 432002CA000491CAAXMX.

Richard W. Glenn, Jupiter, for appellant.

Jonathan Jacobson and Zachary Ullman of Aldridge|Pite, LLP, Delray Beach, for appellee Republic Consumer Lending Group, Inc.

KUNTZ, J.

Jack Townsend III appeals the circuit court's final summary judgment for the lender, Republic Consumer Lending Group, Inc., in Townsend's action to quiet title. We reverse and remand for further proceedings.

*Background*

Townsend petitioned to quiet title on property based on a quitclaim deed executed in August 1997 by Maria Bowman to Townsend and C.T. Box as trustees. The quitclaim deed granted Townsend an undivided one-third interest in the subject property. But the deed was not recorded until October 2001.

In 1998, after the quitclaim deed was executed but before it was recorded, Bowman executed a mortgage on the property. The mortgage was recorded on the same day it was executed.

In 2000, still before the recording of the quitclaim deed to Townsend, the lender's assignee filed a foreclosure lawsuit against Bowman. Townsend was not named as a defendant. The lender also filed a notice of lis pendens in 2000 and an amended notice of lis pendens in 2002. The court in that separate foreclosure case entered a final judgment in 2002.

After the court in the foreclosure case entered final judgment, Townsend sought to intervene in the foreclosure case. When that motion was denied, Townsend filed this action to quiet title. The lender moved for summary judgment, arguing that (1) because Townsend failed to record the deed, the lender's interest in the subject property was protected by the lis pendens and the certificate of title issued in the foreclosure case; and (2) Townsend failed to intervene before judgment was entered in the foreclosure case as required by the lis pendens statute. Townsend's counter-affidavits filed in opposition indicated that he had been in open and continuous possession of the subject property since 1997 when it was conveyed to him. He therefore argued that his possession granted him an interest superior to the mortgage and that his interest was not affected by the foreclosure suit because he was not named a party in that suit.

The court held a hearing on the lender's motion for summary judgment and noted that Townsend failed to file anything in the separate foreclosure case. The court stated that Townsend should be unable to "come back and get another bite at the apple because he didn't take the action when he should have. . . . He knew about [the foreclosure suit]. The clock was ticking, and he didn't take action that he needed to take to stop that lawsuit and assert his rights." The court rejected Townsend's arguments and granted the lender's summary judgment motion.

*Analysis*

*i. A Disputed Issue of Material Fact Precludes the Entry of Summary Judgment*

The lender properly concedes that the circuit court erred in concluding that Townsend's possession of the property before the execution of the mortgage was not relevant.[1]

---

[1] The lender argues that we should affirm under the tipsy-coachman doctrine, *see Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999), despite the concession on this legal issue. We disagree.

2

"In determining the priority of interests in real property, Florida is a 'notice' state." *Barton v. MetroJax Prop. Holdings, LLC*, 207 So. 3d 304, 306 (Fla. 3d DCA 2016) (citations omitted); *see also* § 695.01(1), Fla. Stat. (1998). To determine whether the recording statute applies, "three types of notice must be considered":

> Actual notice arises from personal "knowledge of the fact in question." *Regions Bank v. Deluca*, 97 So. 3d 879, 884 (Fla. 2d DCA 2012) (quoting *McCausland v. Davis*, 204 So. 2d 334, 335–36 (Fla. 2d DCA 1967)). "'Implied notice' is [a] factual inference of such knowledge, inferred from the availability of a means of acquiring such knowledge when the party charged therewith had the duty of inquiry." *Id.* (quoting *McCausland*, 204 So. 2d at 335–36). Finally, "'[c]onstructive notice' is the inference of such knowledge by operation of law, as under a recording statute." *Id.* (quoting *McCausland*, 204 So. 2d at 335–36).

*Harkless v. Laubhan*, 278 So. 3d 728, 733 (Fla. 2d DCA 2019) (alterations in ogirinal).

The summary judgment evidence established that Townsend had been in actual, open, and continuous possession of the subject property since 1997 when the deed was conveyed to him until the present. This was not disputed.

Based on the undisputed facts at the summary judgment stage of the proceeding, the lender was required to inquire into the rights of the occupants when the property was mortgaged. *See Fla. Land Holding Corp. v. McMillen*, 186 So. 188, 191 (Fla. 1938) ("Where at the time property is mortgaged it is actually occupied by others than the mortgagor, the mortgagee is thereby put upon notice to inquire as to the rights of the occupants.").

Whether the lender inquired into Townsend's interest is a disputed question of fact that must be resolved on remand. *See Harkless*, 278 So. 3d at 733 ("What will amount to a due inquiry must largely depend upon the circumstances of each case." (quoting *Sapp v. Warner*, 141 So. 124, 129 (Fla. 1932))).

### ii. Townsend did not have to Intervene in the Foreclosure Suit

The lender also argues that Townsend had to intervene in the

separate foreclosure lawsuit. But because Townsend was in possession of the property, the lis pendens statute did not require him to intervene.

In Florida, a notice of lis pendens carries more weight than it did at common law. *U.S. Bank Nat'l Ass'n v. Quadomain Condo. Ass'n*, 103 So. 3d 977, 979 (Fla. 4th DCA 2012). "A lis pendens serves two main purposes: (1) to give notice to and thereby protect any future purchasers or encumbrancers of the property; and (2) to protect the plaintiff from intervening liens." *Jallali v. Knightsbridge Vill. Homeowners Ass'n*, 211 So. 3d 216, 218 (Fla. 4th DCA 2017) (citing *Fischer v. Fischer*, 873 So. 2d 534, 536 (Fla. 4th DCA 2004)).

But a lis pendens also affects unrecorded instruments. The statute states:

> (b) **Except for the interest of persons in possession** or easements of use, the filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described in said notice of lis pendens of all interests and liens including but not limited to federal tax liens and levies, unrecorded at the time of filing for record such notice of lis pendens unless the holder of any such unrecorded interest or lien shall intervene in such proceedings within 20 days after the filing and recording of said notice of lis pendens. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in said notice of lis pendens, the property shall be forever discharged from all such unrecorded interests and liens. . . .

§ 48.23(1)(b), Fla. Stat. (2002) (emphasis added).[2]    We have even

---

[2] The statute was amended and renumbered in 2009. The statute now reads:

> (d) **Except for the interest of persons in possession** or easements of use, the recording of such notice of lis pendens, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, constitutes a bar to the enforcement against the property described in the notice of all interests and liens, including, but not limited to, federal tax liens and levies, unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien moves to intervene in such proceedings within 30 days after the recording of the notice and

4

explained that "the only way to enforce a property interest that is unrecorded at the time the *lis pendens* is recorded is by timely intervening in the suit creating the *lis pendens*—all other actions are barred." *Quadomain Condo. Ass'n*, 103 So. 3d at 979 (citing *Giffen Indus. of Jacksonville, Inc. v. Se. Assocs., Inc.*, 357 So. 2d 217, 219 (Fla. 1st DCA 1978); *Baron v. Aiello*, 319 So. 2d 198, 200 (Fla. 3d DCA 1975)).

But, of course, our explanation does not tell the entire story. Not relevant in *Quadomain* is the first clause of the statutory section, which states "[e]xcept for the interest of persons in possession." § 48.23(1)(b), Fla. Stat. That clause cannot be ignored and indicates that what follows applies to all situations except for those removed through the words of the statute. At issue here is the interest of a person in possession, and "[t]he twenty-day window allowed for intervention under the statute does not apply to parties in possession of the subject property." *Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1248 n.2 (Fla. 5th DCA 2010).

The lender concedes Townsend did not need to intervene within twenty days. Instead, the lender argues the second sentence of section 48.23(1)(b) applies to all holders of unrecorded interests, including one in possession of the property. We conclude that the language at the start of the second sentence, "any such recorded interest or lien," refers to those interests discussed in the first sentence. *See* § 48.23(1)(b), Fla. Stat. As a result, the second sentence also excludes an unrecorded instrument held by a person in possession.

The first sentence explains the effect of a lis pendens on an unrecorded instrument and sets a deadline for intervention, and the second sentence explains what happens to the unrecorded interest if the holder of that unrecorded interest fails to intervene. But neither sentence applies when dealing with "the interest of persons in possession."

The summary judgment evidence established that Townsend

---

the court ultimately grants the motion. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens. . . .

§ 48.23(1)(d), Fla. Stat. (2020). For purposes of this appeal, we use the statute in effect at the time the notice of lis pendens was filed. All citations to section 48.23 in this opinion are to the version in effect in 2002.

possessed the property when the mortgage was signed and when the lis pendens was filed. As a result, he did not have to intervene in the separate foreclosure lawsuit.

*Conclusion*

The court's final summary judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6