873 So.2d 534 (2004)
Richard S. FISCHER and Robert A. Fischer, Jr., personal representatives of the Estate of Robert A. Fischer, Sr., and the Estate of Robert A. Fischer, Sr., Petitioners,
v.
Jeanne M. FISCHER, an individual, Respondent.
No. 4D03-4590.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
*535 William R. Ponsoldt, Jr. of Wright, Ponsoldt & Lozeau Trial Attorneys, L.L.P., Stuart, for petitioners.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Noel A. Bobko of McCarthy, Summers, Bobko, Wood, Sawyer & Perry, P.A., Stuart, for respondent.
PER CURIAM.
Plaintiffs challenge an order of the trial court granting in part a motion to dissolve their notice of lis pendens. We grant the petition.
The estate of Robert A. Fischer, Sr. and the personal representatives of the estate (Plaintiffs) filed a declaratory judgment action against the decedent's surviving spouse, claiming for the estate a fifty-percent interest, as a tenant in common, in a condominium which she and the decedent acquired during the marriage as tenants by the entireties. Their claim is based on the fact that the couple had separated prior to the decedent's death and that certain language in the couple's prenuptial agreement provided for an immediate division of the couple's assets in the event of their separation.
In connection with the pending litigation, Plaintiffs filed a notice of lis pendens as to the condominium. The wife moved to dissolve the lis pendens or, in the alternative, to amend it to allow her to mortgage her clear interest in the property the fifty-percent interest which Plaintiffs do not claim. At the hearing on the motion, the trial court not only required the showing of a nexus between the ownership of the property and the dispute embodied in the lawsuit in order to prevent dissolution of the lis pendens, but also appeared to require that the lis pendens be founded upon a recorded instrument. Orally, it ordered that the lis pendens be dissolved and the wife be allowed to mortgage the condominium, but only up to half its appraised value; the written order, however, provided that the lis pendens be dissolved only in part, with the specific provision that the wife might encumber the property with any mortgage up to fifty percent of its appraised value.
Section 48.23(3), Florida Statutes (2003), applies when the initial pleading does not show that the claim is based on a recorded instrument or chapter 713 lien; it allows the court to control and discharge notices of lis pendens as it may grant and dissolve injunctions. In the case of a section 48.23(3) lis pendens, the court cannot dissolve the lis pendens if the proponent establishes "a fair nexus between the apparent *536 legal or equitable ownership of the property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993). At the hearing, Plaintiffs did so.
Notices of lis pendens are recorded for two purposes: to protect future purchasers or encumbrancers of the property from becoming "embroiled" in the dispute, and to protect the plaintiff from "intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien." Id. If the lis pendens, in part, was not dissolved, third parties should still be protected from taking any action with respect to the property without notice of Plaintiffs' claim to it; however, allowing the wife to mortgage the entire property, when her right to half of it is in dispute, fails to protect Plaintiffs from the possibility that she may encumber the property in such a way as to alienate their claimed interest, not only her own undisputed interest.
Accordingly, we conclude that the trial court departed from the essential requirements of law in dissolving the lis pendens and allowing the wife to place a mortgage on the entire property, albeit limited to half its appraised value.[1] We quash the order on review, and direct the trial court to reinstate the lis pendens in full, subject to the posting of a reasonable bond.
GUNTHER, POLEN and MAY, JJ., concur.
NOTES
[1] We note that, if she can find a willing lender, the wife certainly may mortgage her interest in the property, which at minimum appears to be an undivided one-half interest as tenant in common. However, the interest of a prospective mortgagee would be subject to whatever interest, if any, Plaintiffs may be determined in the pending litigation to have in the property, due to their previously recorded notice of lis pendens.