DAMOORGIAN, J.
U.S. Bank National Association (“U.S.Bank”) appeals an order denying its motion to vacate a final judgment of lien foreclosure entered in favor of Quadomain Condominium Association, Inc. (the “Association”). We reverse.
The following facts are not in dispute. U.S. Bank was the holder of a first mortgage and note securing a unit in a condominium managed by the Association. After the unit owner defaulted on the mortgage, U.S. Bank instituted a foreclosure action, recorded a notice of lis pendens in the public record, and obtained final summary judgment and a certificate of title. However, before judgment was entered and the certificate of title was issued, the owner of the unit passed away and the unit transferred to the owner’s heirs. Upon learning of the owner’s death, U.S. Bank, having not named the new owners as parties to the foreclosure action, moved for and was granted leave to file a Supplemental Complaint to Re-foreclose Mortgage to Foreclose Omitted Defendant. U.S. Bank recorded a supplemental notice of Us pendens in conjunction with its re-foreclosure action.
Between the time U.S. Bank obtained the certificate of title and the time it filed its re-foreclosure action, the Association fees went unpaid. After U.S. Bank recorded its supplemental notice of lis pen-dens, the Association recorded a claim of lien against U.S. Bank[1] for the Association fees. The Association then filed suit to foreclose its lien.
U.S. Bank did not respond to the Association’s complaint in the lien foreclosure case. Accordingly, the Association obtained a default final summary judgment and the unit was sold at a public sale. After learning of the outcome in the lien case, U.S. Bank filed a motion to vacate under Florida Rule of Civil Procedure 1.540, arguing that the lien foreclosure action was barred since the lien was filed after U.S. Bank recorded its supplemental lis pendens. The trial court denied the motion without explanation, and U.S. Bank appealed.
U.S. Bank argues that the supplemental lis pendens, which preceded the filing of the Association’s lien and its lien foreclosure case, divested the court of jurisdiction to adjudicate the Association’s lien pursuant to Florida’s lis pendens statute. Therefore, U.S. Bank asserts that the Association’s judgment is void. In response, the Association argues that the supplemental lis pendens did not bar its suit.
“Notices of lis pendens are recorded for two purposes: to protect future purchasers or encumbrancers of the prop *979 erty from becoming ‘embroiled’ in the dispute, and to protect the plaintiff from ‘intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiffs unrecorded equitable lien.’ ” Fischer v. Fischer, 873 So.2d 534, 536 (Fla. 4th DCA 2004) (quoting Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993)). The notice provided by a lis pendens “ ‘is as efficient against a valid transfer or [ejncumberance of the property described in it as an injunction would be, and that such notice binds all parties to the action together with all purchasers from them and all parties under them subsequently to the filing of the same.’ ” Seligman v. N. Am. Mtg. Co., 781 So.2d 1159, 1162 (Fla. 4th DCA 2001) (quoting Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 So. 191, 194 (1909)). One who purchases property subject to a lis pendens “is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself.” Greenwald v. Graham, 100 Fla. 818, 130 So. 608, 611 (1930).
In Florida, notices of lis pendens are afforded even more power than they are at common law by virtue of section 48.23, Florida Statutes (2010), which states in pertinent part:
(l)(a) An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.
[[Image here]]
(d) Except for the interest of persons in possession or easements of use, the recording of such notice of lis pendens, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, constitutes a bar to the enforcement against the property described in the notice of all interests and liens, including, but not limited to, federal tax liens and levies, unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens. If the notice of lis pendens expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.
§ 48.23, Fla. Stat. (2010) (emphasis added).
In other words, the only way to enforce a property interest that is unrecorded at the time the Us pendens is recorded is by timely intervening in the suit creating the lis pendens — all other actions are barred. Giffen Indus. of Jacksonville, Inc. v. Se. Assocs., Inc., 357 So.2d 217, 219 (Fla. 1st DCA 1978) (attempt to enforce mechanic’s lien recorded after lis pendens notice was filed was barred by section 48.23); Baron v. Aiello, 319 So.2d 198, 200 (Fla. 3d DCA 1975) (holding that judgment lien holder’s attempt to foreclose its lien came too late when it was filed after the first mortgagor recorded a lis pendens). Therefore, the court presiding over the action which created the Us pendens has exclusive jurisdiction to adjudicate any en *980 cumbrance or interest in the subject property from the date the lis pendens is recorded to the date it enters final judgment. See Seligman, 781 So.2d at 1163 (court which adjudicated foreclosure of mortgage obtained after a lis pendens for the property was properly recorded in a marital dissolution action did not have jurisdiction because the “the court in the dissolution proceeding had jurisdiction over the property until final judgment”).
Accordingly, the court in the Association’s lien foreclosure action did not have jurisdiction to foreclose the lien. If the Association wanted to recover its unpaid Association fees, it was statutorily required to intervene in the re-foreclosure action as prescribed in section 48.23(l)(d).

Reversed.

MAY, C.J., and GERBER, J., concur.

. The Association was operating under the assumption that U.S. Bank was the owner of the unit via the certificate of title.