DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FALLON RAHIMA JALLALI,**
Appellant,

v.

**KNIGHTSBRIDGE VILLAGE HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D15-2036

[January 27, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Gates, Judge; L.T. Case No. CACE 12-009353 (12).

Cyrus A. Bischoff, Miami, for appellant.

Michael J. Villarosa of Kaye Bender Rembaum, P.L., Pompano Beach, for appellee.

PER CURIAM.

Fallon Rahima Jallali appeals a non-final order denying her motion to vacate the final judgment of foreclosure obtained by the property's homeowners' association. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). Jallali claimed the trial court lacked subject matter jurisdiction because the association's foreclosure proceeding was filed while the mortgagee's separate foreclosure proceeding was pending against the same property.[1] We agree and reverse in light of our decision in *U.S. Bank National Ass'n v. Quadomain Condominium Ass'n*, 103 So. 3d 977 (Fla. 4th DCA 2012).

In 2006, the homeowners' association recorded a notice of lis pendens and filed an action against Jallali to foreclose a lien on her property for failure to pay assessments. The association obtained a final judgment in February 2007, which was satisfied in March 2008.

---

[1] Jallali raised two other issues which we find lacked merit. We decline to address them, as the first issue is dispositive.

In May 2007, the mortgagee filed a foreclosure action against Jallali and recorded its notice of lis pendens against her property. The association was named as a defendant in that action. The mortgagee's successor-in-interest obtained a final judgment of foreclosure in 2014.

However, in 2011, while the mortgagee's action was pending, the association filed and recorded a claim of lien for delinquent maintenance fees against the same property. In 2012, it filed a separate action against Jallali to foreclose on that lien and obtained a default final judgment, which this Court affirmed in *Jallali v. Knightsbridge Village Homeowners' Ass'n*, 2014 WL 3765323 (Fla. 4th DCA July 31, 2014).

Subsequently, in 2015, Jallali and her successor-in-interest moved to vacate the association's 2012 final judgment of foreclosure based on *Quadomain* and section 48.23, Florida Statutes (2015).

In *Quadomain*, the holder (the bank) of a first mortgage on a condominium filed a foreclosure action, recorded a notice of lis pendens, and obtained a final judgment. 103 So. 3d at 978. Thereafter, the condominium association recorded a claim of lien for unpaid fees, filed a foreclosure action, obtained a default judgment, and the property was sold. *Id.* The bank moved to vacate, arguing the association's foreclosure was barred because it was filed after the bank had filed its lis pendens. *Id.* The trial court denied the motion and the bank appealed. *Id.*

The issue on appeal was whether the bank's supplemental lis pendens divested the trial court of jurisdiction to adjudicate the association's lien. This Court quoted from section 48.23(1), Florida Statutes (2010), which provides:

(a) An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

. . . .

(d) Except for the interest of persons in possession or easements of use, **the recording of such notice of lis pendens**, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, **constitutes a bar to the enforcement against the property described in the**

2

**notice of all interests and liens**, including, but not limited to, federal tax liens and levies, **unrecorded at the time of recording the notice** unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens. If the notice of lis pendens expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.

§ 48.23, Fla. Stat. (2010) (emphasis added). Based on this and similar cases, this Court concluded that

> **the only way to enforce a property interest that is unrecorded at the time the *lis pendens* is recorded is by timely intervening in the suit creating the *lis pendens*—all other actions are barred**. *Giffen Indus. of Jacksonville, Inc. v. Se. Assocs., Inc.*, 357 So. 2d 217, 219 (Fla. 1st DCA 1978) (attempt to enforce mechanic's lien recorded after lis pendens notice was filed was barred by section 48.23); *Baron v. Aiello*, 319 So. 2d 198, 200 (Fla. 3d DCA 1975) (holding that judgment lien holder's attempt to foreclose its lien came too late when it was filed after the first mortgagor recorded a lis pendens ). Therefore, **the court presiding over the action which created the *lis pendens* has exclusive jurisdiction to adjudicate any encumbrance or interest in the subject property from the date the *lis pendens* is recorded to the date it enters final judgment**. *See Seligman* [*v. N. Am. Mortg. Co.*], 781 So.2d [1159] at 1163 [Fla. 4th DCA 2011)] (court which adjudicated foreclosure of mortgage obtained after a lis pendens for the property was properly recorded in a marital dissolution action did not have jurisdiction because the (sic) "the court in the dissolution proceeding had jurisdiction over the property until final judgment").

> Accordingly, the court in the Association's lien foreclosure action **did not have jurisdiction** to foreclose the lien. If the Association wanted to recover its unpaid Association fees, it was statutorily required to intervene in the re-foreclosure action as prescribed in section 48.23(1)(d).

*Quadomain*, 103 So. 3d 979-80 (emphasis added).

In the present case, when the mortgagee filed its foreclosure action and recorded its notice of lis pendens in May 2007, the association had not yet recorded a notice of lis pendens with regard to its 2011 lien and 2012 foreclosure action. Although the association had recorded an earlier lien, notice of lis pendens, and the 2007 final judgment against the same property, all before the mortgagee filed its 2007 foreclosure action, that final judgment was satisfied in 2008 and has nothing to do with the association's 2011 lien and 2012 foreclosure action.

Accordingly, based on section 48.23, Florida Statutes (2015), *Quadomain,* and the cases cited therein, we conclude that the final foreclosure judgment which the association obtained in the 2012 case was void because the trial court lacked jurisdiction at that time. Exclusive jurisdiction to foreclose on Jallali's property was in the circuit court conducting the mortgagee's foreclosure action in the 2007 case.

Accordingly, we reverse the order denying Jallali's motion to vacate final judgment of foreclosure.

WARNER, GROSS and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4