PER CURIAM.
Appellant CitiMortgage, Inc. (the bank) appeals a non-final order that vacated its final judgment of foreclosure on the grounds that the trial court lacked subject matter jurisdiction to enter the judgment. We reverse and remand.
The bank recorded its mortgage in November 2006. Appellee homeowners’ association recorded a claim of lien in May 2012. In August 2012, it filed an action in county court to foreclose the lien together with a notice of lis pendens.
The bank filed its circuit court action to foreclose its mortgage in October 2012. While the bank’s action was pending, the county court entered final judgment in favor of the association and the property was sold in 2013. Thereafter, the circuit court entered final judgment of foreclosure in the bank’s favor and allowed the buyer to intervene.
The intervenor moved to vacate the bank’s final judgment, arguing that the circuit court lacked subject matter jurisdiction due to the association’s previously filed foreclosure action and lis pendens. Appellees directed the trial court to U.S. Bank National Ass’n v. Quadomain Condominium Ass’n, 103 So.3d 977 (Fla. 4th DCA 2012).
In Quadomain, we held that once a lis pendens is recorded against a subject property, the court presiding over that lis pendens has exclusive jurisdiction “to adjudicate any encumbrance or interest in the subject property from the date the lis pendens is recorded to the date it enters final judgment.” Id. at 979-80. The bank is correct that Quadomain does not control in this case because it applies to actions on interests which'were unrecorded at the time of the initial lis pendens.
Here, the bank’s mortgage was recorded in 2006, well before the homeowners’ association commenced its action. Thus, Qua-domain is inapplicable. Consequently, we reverse the order that vacated the bank’s final judgment. Schaffer v. Ling, 76 So.3d 940, 941 (Fla. 4th DCA 2011).

Reversed and remanded.

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.