DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FALLON RAHIMA JALLALI,**
Appellant,

v.

**KNIGHTSBRIDGE VILLAGE HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D15-2036

[June 29, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Gates, Judge; L.T. Case No. CACE 12-009353 (12).

Cyrus A. Bischoff, Miami, for appellant.

Michael J. Villarosa of Kaye Bender Rembaum, P.L., Pompano Beach, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

We grant appellee's motion for rehearing, withdraw our prior opinion, and substitute the following opinion in its place.

Fallon Rahima Jallali appeals a non-final order denying her motion to vacate the final judgment of foreclosure obtained by her property's homeowners' association, Knightsbridge Village Homeowners Association ("the Association"). Jallali asserted three reasons for reversal. We affirm as to all three, but write to distinguish *U.S. Bank National Ass'n v. Quadomain Condominium Ass'n,* 103 So. 3d 977 (Fla. 4th DCA 2012). We hold that the filing of a notice of lis pendens by a first mortgagee does not bar the foreclosure of an association's subsequent lien for unpaid assessments against the owner, although that action is inferior to the foreclosure of the first mortgage, where the association's subsequent lien was imposed under the association's declaration of covenants recorded before the first mortgagee recorded its notice of lis pendens.

In 2007, the holder of the first mortgage on Jallali's property ("the Lender") filed a foreclosure action against Jallali and recorded its notice of lis pendens against the property. The Lender named the Association as a defendant.[1] The Association's Declaration of Covenants and Restrictions had been recorded in the public records prior to both the first mortgage and the notice of lis pendens.

In 2011, while the Lender's action was still pending, the Association recorded a claim of lien for delinquent maintenance fees against the same property. In 2012, the Association sued Jallali to foreclose that lien and obtained a default final judgment, which this Court affirmed. *See Jallali v. Knightsbridge Vill. Homeowners' Ass'n*, 185 So. 3d 1251 (Fla. 4th DCA 2014). Subsequently, the Lender's successor obtained a final judgment of foreclosure.[2]

After the mortgage foreclosure concluded, Jallali filed a motion under Florida Rule of Civil Procedure 1.540(b)(4) to vacate the Association's 2012 final judgment of foreclosure. Jallali relied on *Quadomain*, 103 So. 3d at 978-80, and section 48.23, Florida Statutes (2012). The trial court denied the motion and this appeal followed.

The question presented is whether the filing of the notice of lis pendens by the first mortgage holder constitutes a bar to the Association's foreclosure action based upon a claim of lien for unpaid assessments filed after the notice of lis pendens. Because the Declaration of Covenants, which included provisions with respect to the Association's right to lien and foreclose on the property, was a recorded "interest" at the time of the filing of lis pendens, we conclude that, even though the lien was inferior to the mortgage, section 48.23, Florida Statutes, constitutes no bar to the enforcement of the lien between the Association and Jallali.

A lis pendens serves two main purposes: (1) to give notice to and thereby protect any future purchasers or encumbrancers of the property; and (2) to protect the plaintiff from intervening liens. *See Fischer v. Fischer*, 873 So. 2d 534, 536 (Fla. 4th DCA 2004).

---

[1] Before the Lender sued, the Association had obtained a judgment of foreclosure against Jallali's property based on its lien for unpaid maintenance fees. The Lender alleged, and the Association acknowledged, that the Association's lien was inferior to the Lender's mortgage. The Association's judgment was satisfied in 2008 and is not relevant to this appeal.
[2] This Court recently reversed that final judgment for lack of standing of the plaintiff at the time suit was filed. *Jallali v. Christiana Tr.*, 184 So. 3d 559 (Fla. 4th DCA 2016).

One of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property. *DePass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925). This serves the purposes of protecting those purchasers or encumbrancers from becoming embroiled in the dispute, and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien. In sum, unlike a typical injunction, a lis pendens exists as much to warn third parties as to protect the plaintiff; and the procedural requirements associated with lis pendens should advance both of these important purposes.

*Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993) (footnote omitted).

Jallali relies on *Quadomain* as standing for the proposition that the association's foreclosure against her is barred because the association did not comply with section 48.23, Florida Statutes. In *Quadomain*, the bank holding a first mortgage on a condominium unit filed a foreclosure action, recorded a notice of lis pendens, and obtained a final judgment. 103 So. 3d at 978. Because ownership of the unit had changed before the final judgment, the bank obtained leave to supplement its complaint to foreclose on the new owners. *Id.* It also filed a supplemental notice of lis pendens. *Id.* Thereafter, the association that managed the condominium recorded a claim of lien for unpaid fees against the bank, as the bank had obtained a certificate of title during the initial foreclosure. *Id.* The association filed a foreclosure action, obtained a default judgment against the bank, and the property was sold. *Id.* The bank moved to vacate, arguing the association's lien foreclosure was barred, because it was filed after the bank filed its notice of lis pendens. *Id.* The trial court denied the motion and the bank appealed. *Id.*

The issue on appeal in *Quadomain* was whether the bank's supplemental lis pendens divested the trial court of jurisdiction to adjudicate the association's lien. *Id.* This Court quoted from section 48.23, Florida Statutes. *Id.* at 979. That statute, last amended effective July 1, 2009,[3] provides in part as follows:

---

[3] Previously, language similar to that now appearing in section 48.23(1)(d) appeared in section 48.23(1)(b), but the period of time for intervening was only twenty days. § 48.23(1)(b), Fla. Stat. (2008).

(a) An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

. . . .

(d) Except for the interest of persons in possession or easements of use, **the recording of such notice of lis pendens**, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, **constitutes a bar to the enforcement against the property described in the notice of all interests and liens**, including, but not limited to, federal tax liens and levies, **unrecorded at the time of recording the notice** unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice.  If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens.  If the notice of lis pendens expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.

§ 48.23(1), Fla. Stat. (emphasis altered).

Based on that statute and similar cases, this Court concluded in *Quadomain* that the jurisdiction of the court conducting the mortgage foreclosure proceeding was exclusive:

[T]he only way to enforce a property interest that is unrecorded at the time the *lis pendens* is recorded is by timely intervening in the suit creating the *lis pendens*—all other actions are barred. Therefore, the court presiding over the action which created the *lis pendens* has exclusive jurisdiction to adjudicate any encumbrance or interest in the subject property from the date the *lis pendens* is recorded to the date it enters final judgment.

Accordingly, the court in the Association's lien foreclosure action did not have jurisdiction to foreclose the lien.  If the Association wanted to recover its unpaid Association fees, it was statutorily

required to intervene in the re-foreclosure action as prescribed in section 48.23(1)(d).

*Quadomain,* 103 So. 3d at 979-80 (citations omitted).

In this case, Jallali relies on the language of *Quadomain,* suggesting that the final foreclosure judgment which the Association obtained in the 2012 case was void, because the trial court lacked jurisdiction at that time. Jallali contends that exclusive jurisdiction to foreclose on the property was with the circuit court conducting the Lender's foreclosure action in the 2007 case.

The dicta of *Quadomain* does appear to preclude an association from filing a foreclosure action and lis pendens based on a lien filed after a lender with a superior interest has filed a foreclosure action and recorded a lis pendens. But the case is distinguishable on its facts for two reasons: (1) the association in *Quadomain* was attempting to foreclose its lien against the bank's interest, as well as that of the homeowner, unlike the present case where the Association only foreclosed against the delinquent homeowner; and (2) the association's lien in the present case was imposed under the association's declaration of covenants recorded before the Lender recorded its notice of lis pendens.

*Quadomain* does not discuss whether an association's declaration of covenants (or of condominium) constitutes an "interest" under section 48.23(1)(d), Florida Statutes. We hold that such a declaration may qualify as an "interest." Therefore, declarations which are recorded not only prior to the notice of lis pendens, but prior to the mortgage itself, may constitute a prior recorded interest under section 48.23(1)(d), Florida Statutes, such that the filing of a lis pendens does not automatically preclude an association from foreclosing on a lien imposed under the declaration, although the association's foreclosure may be subordinate to the foreclosure of the mortgage.

This is reflected in section 720.3085, Florida Statutes (2015), which controls homeowners' association liens and priority for unpaid assessments. The statute provides that the lien for unpaid assessments relates back to the recording of the declaration of community. § 720.3085(1), Fla. Stat. However, as to determining superiority over first mortgages of record, the lien is effective only from the date the claim of lien is recorded:

> When authorized by the governing documents, the association has a lien on each parcel to secure the payment of

5

> assessments and other amounts provided for by this section. Except as otherwise set forth in this section, the lien is effective from and shall relate back to the date on which the original declaration of the community was recorded. However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the parcel is located.

*Id.*; *see also* § 718.116(5)(a), Fla. Stat. (2015) (providing similarly with regard to association assessments on condominiums).

The provisions of the Declaration of Covenants recorded by the Association operate as section 720.3085(1) contemplates. The Declaration provides for the assessment of fees by the Association for maintenance of the Association and its properties. It provides that when a lien is imposed for any unpaid fees, it relates back to the recording of the Declaration, except that the lien is subordinate to the lien of an institutional mortgage recorded prior to the time a notice of lien is recorded. Additionally, sale of the property pursuant to a foreclosure proceeding or deed in lieu of foreclosure by an institutional mortgagee extinguishes the lien for any assessments coming due prior to the sale or transfer.

Essentially, the Declaration serves as a lien to secure future assessments. Thus, it constitutes an "encumbrance or interest" for purposes of section 48.23(1)(d), Florida Statutes. *Quadomain*, 103 So. 3d at 979-80. Further, the filing dates of any liens incurred under the Declaration, including the lien at issue, relate back to the date of the Declaration's recording. Because the Declaration was recorded prior to the Lender's lis pendens, a foreclosure action based upon a claim of lien filed under its terms is not barred by section 48.23(1)(d).

This conclusion is not undermined by the Declaration's exception to the relation-back provision with regard to first mortgages. This provision is relevant in determining priority of liens, rather than serving the notice purposes of section 48.23, Florida Statutes (with its bar to enforcement of unrecorded property interests by a separate suit). From the outset, the Association has acknowledged its lien is inferior to the mortgage; its lien foreclosure action does not purport to affect the Lender's superior interest.

That a homeowners' association can proceed against the homeowner with foreclosure of its lien for unpaid assessments, imposed under its declaration recorded before the first mortgagee recorded its notice of lis pendens, while a mortgage foreclosure proceeding is pending is further supported by section 720.3085(5)(b), Florida Statutes. Generally, a claim

of lien cannot be foreclosed by a homeowners' association without providing forty-five days' notice to the homeowner. § 720.3085(5), Fla. Stat. However, the association need not provide such notice "if the parcel is subject to a foreclosure action or forced sale of another party[.]" § 720.3085(5)(b), Fla. Stat. This implies that a claim of lien can be foreclosed even where a mortgage foreclosure proceeding is pending at the time the claim of lien is filed.

Moreover, we note that, in the context of this case, a lis pendens recorded by a mortgage holder serves to protect **the mortgage holder** from liens unrecorded at the time of the filing. Although section 48.23(1)(d), Florida Statutes, creates a "bar to . . . enforcement" and provides for extinguishment of any unrecorded interests or liens if the case proceeds to judicial sale, the statute is not designed to protect the delinquent homeowner. Here, not only does the Association have a prior recorded interest through its Declaration of Covenants, its action was only **against the delinquent homeowner**. Unlike *Quadomain*, the Association's suit did not involve the Lender. *See Quadomain*, 103 So. 3d at 978. Significantly, the Lender's priority is not at issue here, and the Association acknowledges the Lender's superior interest. Thus, the purposes of lis pendens and section 48.23(1)(d), Florida Statutes, are not served by allowing Jallali to assert these rights against the Association.

Accordingly, *Quadomain* does not control the outcome of this proceeding between the Association and the delinquent homeowner. A homeowners' association has the right to proceed in a foreclosure of its lien for unpaid assessments against the homeowner in accordance with its declaration and the statutes governing such associations.

We affirm the order denying Jallali's motion to vacate the final judgment.

*Affirmed.*

WARNER, GROSS and KLINGENSMITH, JJ., concur.

*           *           *

**Not final until disposition of timely filed motion for rehearing.**

7