Ciklin, C.J.
Fountainspring II Homeowners Association, Inc. (“the association”) challenges an order vacating a final judgment of foreclosure and dismissing its foreclosure action for lack of jurisdiction. We find that the trial court erred in determining that it lacked jurisdiction and we therefore reverse.
In 2009, a mortgagee-bank that is not a party to the instant action brought an action to foreclose its interest in the property at issue. In connection with that suit, it recorded a notice of lis pendens. The association was named as a defendant in the bank’s suit.
In 2011, while the mortgage foreclosure action was pending, the association recorded two claims of lien for delinquent assessments and brought an action to foreclose the liens. A final judgment of foreclosure was entered in the association’s action and the property was sold to a third party purchaser. Sometime later, apparently having discovered the mortgage foreclosure action, the purchaser moved to set aside the judgment of foreclosure, certificate of title, and certificate of sale. The trial court determined that, due to the bank’s pending foreclosure action, it was without jurisdiction to have entered judgment in the association’s case, and it granted the purchaser’s motion and dismissed the action.
On appeal, the association argues that its claim of lien dates back to 1989, when its “Declaration of Covenants” was recorded, as the Declaration provides, “A lien is hereby imposed upon each Lot to secure the payment of all Assessments now or hereafter imposed .... Such lien shall relate back to and be effective from the date hereof .... ” The association contends that because its claim of lien predates the bank’s notice of lis pendens, its subsequent foreclosure action was not barred.
We agree with the association. Since its claim of lien dated back to its 1989 Declaration, its recorded interest predated the bank’s notice of lis pendens. Thus, the foreclosure action instituted to pursue the association’s claim is not precluded by the bank’s pending foreclosure action. Our holding is consistent with this court’s recent opinion in Jallali v. Knightsbridge Vill. Homeowners Ass’n, No. 4D15-2036, 211 So.3d 216, 2017 WL 34567 (Fla. 4th DCA Jan. 4, 2017), in which we held:
[T]he filing of a notice of lis pendens by a first mortgagee does not bar the foreclosure of an association’s subsequent lien for unpaid assessments against the ownei-, although that action is inferior to the foreclosure of the first mortgage, where the association’s subsequent lien was imposed under the association’s declaration of covenants recorded before the first mortgagee recorded its notice of lis pendens.
The trial court’s determination that it lacked jurisdiction was erroneous. We therefore reverse and remand for reinstatement of the final judgment.

Reversed and remanded.

Conner and Forst, JJ., concur.