Winsor, J., concurring in part and dissenting in part.
*408 The trial court should have granted Bank of America's motion to vacate. The notice of lis pendens, filed in 2012, barred "the enforcement against the property ... of all interests and liens ... unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice." § 48.23(1)(d), Fla. Stat. (2012) ; accord Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd. , 508 So.2d 431, 434 (Fla. 1st DCA 1987) ("The principal purpose of filing a notice of lis pendens, as manifested in section 48.23, is to bar prior unrecorded interests in the property unless the claimants intervene within twenty days* after the notice of lis pendens has been filed of record."). Because the condominium association filed its claim of lien after HSBC filed its notice of lis pendens, the association's lien was an "unrecorded interest" at the relevant time. Therefore, section 48.23 barred the association's separate foreclosure action, and the association's only remedy was to pursue its claim in the existing suit. See U.S. Bank Nat'l Ass'n v. Quadomain Condo. Ass'n , 103 So.3d 977, 979-80 (Fla. 4th DCA 2012).
The fact that the association's declaration authorizing the lien came before the lis pendens does not change this. Although section 718.116(5)(a), Florida Statutes, provides that an association's later-filed claim of lien "is effective from and shall relate back to the recording of the original declaration of condominium," the same statute establishes an exception applicable here: "[A]s to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is located." § 718.116(5)(a). HSBC held the first mortgage of record, so the lien at issue was effective as to HSBC only after the association recorded its claim of lien, and that was long after HSBC filed its notice. The trial court therefore should have vacated the judgment of foreclosure. And we should reverse on that point and certify conflict with Jallali v. Knightsbridge Village Homeowners Ass'n, 211 So.3d 216 (Fla. 4th DCA 2017).
As to whether Horizon was entitled to intervene in HSBC's foreclosure action, the majority correctly concludes (albeit for reasons different from mine) that it was not. Had the trial court vacated the judgment that led to Horizon's asserted interest in the property, Horizon would have been left with no basis to intervene in HSBC's case.
Finally, I agree with the majority that the trial court erred in dismissing the case and dissolving the lis pendens. I therefore agree that we should reverse and remand for additional proceedings.

Section 48.23(1)(d) formerly allowed only twenty days for intervention. The Legislature amended the statute in 2009 to provide for thirty days. See Ch. 2009-39, Laws of Fla.