DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILMINGTON SAVINGS FUND SOCIETY, FSB,** d/b/a **CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,**
Appellant,

v.

**GULFSTREAM OF LAS OLAS CONDOMINIUM ASSOCIATION, INC.,**
Appellee.

No. 4D20-1443

[December 22, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE18-010075.

Tyler E. Mesmer of Topouzis & Associates, P.C., Aventura, for appellant.

Michael D. Bogen of the Bogen Law Group, P.A., Coral Springs, for appellee.

LEVINE, J.

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust ("Christiana Trust"), appeals an order granting rehearing and reinstating an equitable lien in favor of Gulfstream of Las Olas Condominium Association ("Association") for receivership fees. The trial court found that Christiana Trust was not entitled to safe harbor protection under section 718.116(1)(b)(1), Florida Statutes (2020), and that Christiana Trust failed to intervene in the receivership action within thirty days of the recording of notice of lis pendens.

The issue for our consideration on appeal is whether a receiver appointed at the request of a condominium association pursuant to section 718.111(5), Florida Statutes (2020), is subject to the safe harbor provision of section 718.116(1)(b)(1), which limits liability for past due condominium assessments. We find that the plain language of the safe harbor statute applies to the receiver for all past due assessments. Thus, we find that the trial court erred in granting rehearing. Christiana Trust

was entitled to safe harbor protection and was not required to intervene since the mortgage was recorded thirteen years before lis pendens was recorded.

The Association filed a petition for appointment of a receiver to repair and rent a vacant unit. The Association recorded a notice of lis pendens in 2018. The trial court appointed a receiver over the objection of the mortgagee, Ditech Financial LLC ("Ditech").

During the pendency of the receivership action, Ditech filed a complaint to foreclose on its mortgage, which had been recorded in 2005. After an assignment of mortgage, Christiana Trust was substituted as party plaintiff in the foreclosure action. The trial court entered a final judgment of foreclosure in favor of Christiana Trust. Christiana Trust was the highest bidder at the foreclosure sale and was issued a certificate of title.

After the final judgment of foreclosure, the receiver sought an equitable lien in the receivership action, seeking to recover $38,656.86 in funds expended for repair and maintenance of the property. The motion and notice of hearing were served on Ditech, but not on Christiana Trust. The trial court granted the motion, establishing an equitable lien in favor of the receiver for $38,656.86.

Thereafter, Christiana Trust moved to intervene, to determine amounts due and owing, to terminate receivership, and to vacate the equitable lien. Christiana Trust argued that because it took title by foreclosure of its first mortgage lien, it was entitled to the safe harbor protection of section 718.116(1)(b)(1). The trial court initially agreed and entered an order vacating the equitable lien on the property, terminating the receivership, and finding that the safe harbor provision applied.

The Association moved for rehearing. The trial court granted rehearing and vacated its earlier order. The trial court now found that Christiana Trust failed to intervene within thirty days of the notice of lis pendens, that Christiana Trust was not protected by the safe harbor statute, and that the court in the foreclosure action did not have jurisdiction to foreclose on the mortgage because the court in which the lis pendens was originally filed had exclusive jurisdiction. From this order, Christiana Trust appeals.

"The construction of a statute is an issue of law subject to *de novo* review." *Kelly v. Green Tree Servicing, LLC*, 300 So. 3d 244, 245 (Fla. 4th DCA 2020) (quoting *Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So. 2d 20, 23 (Fla. 2004)). In interpreting a statute, a court looks to the language of the statute and its plain meaning. *Id.* "When the language of

2

a statute is clear and unambiguous, a court may not resort to the rules of statutory construction." *Id.*

This case presents an issue of the interplay between section 718.116(1)(b)(1), which limits the liability for past due assessments, and section 718.111(5), which permits recovery for the expenses incurred by a receiver. The safe harbor provision of section 718.116(1)(b)(1) limits the liability of a first mortgagee, and its successors and assigns, for past due condominium assessments. Specifically, the statute states:

> (b)1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure *for the unpaid assessments* that became due before the mortgagee's acquisition of title is limited to the lesser of:
>
> a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

*Id.* (emphasis added).

In 2014, the Florida Legislature enacted section 718.111(5), which allows a condominium association to petition a court to appoint a receiver to lease out an abandoned unit and permits recovery of expenses incurred by the receiver. Ch. 2014-133, Laws of Fla. Section 718.111(5)(b), Florida Statutes (2020), states, in relevant part:

> 3. Any expense incurred by an association pursuant to this paragraph is chargeable to the unit owner and *enforceable as an assessment* pursuant to s. 718.116, and the association may use its lien authority provided by s. 718.116 to enforce collection of the expense.

4. The association may petition a court of competent jurisdiction to appoint a receiver to lease out an abandoned unit for the benefit of the association to offset against the rental income the association's costs and expenses of maintaining, preserving, and protecting the unit and the adjoining common elements, including the costs of the receivership and all unpaid assessments, interest, administrative late fees, costs, and reasonable attorney fees.

(emphasis added).

We find the trial court was correct the first time and erred when it granted rehearing. The trial court failed to apply the plain language of the safe harbor provision. The safe harbor provision expressly limited Christiana Trust's liability for "unpaid assessments." § 718.116(1)(b)(1), Fla. Stat. The receivership statute provides that receivership expenses incurred by an association are "enforceable as an assessment." § 718.111(5)(b)(3), Fla. Stat. Nothing in the language of the receivership statute operates to prevent the application of the safe harbor provision. Nor is there any conflict between the safe harbor statute and the receivership statute. The receivership statute treats receivership expenses as an assessment, and the safe harbor provision clearly limits liability for unpaid assessments.

*Federal National Mortgage Ass'n v. JKM Services, LLC, for Cedar Woods Homes Condominium Ass'n*, 256 So. 3d 961 (Fla. 3d DCA 2018), is instructive. In *JKM Services*, the trial court granted the association's petition to appoint a receiver. *Id.* at 964. The properties at issue were subject to mortgages recorded years before the receivership. *Id.* at 965. The properties were subsequently foreclosed, and the mortgagee purchased the properties at the foreclosure sale. *Id.* The receiver sought an amount greater than the amount dictated by the safe harbor statute. *Id.* The mortgagee moved to intervene, to terminate the receivership, and determine the amounts due. *Id.* The trial court denied the motion, finding that the mortgagee waited too long to seek relief and that the safe harbor limit did not apply. *Id.*

The Third District reversed and remanded for further proceedings to compute the amount specified by the safe harbor statute. *Id.* at 968-69. The Third District noted that the mortgagee did not move for the receiver's appointment and was not a party to the receivership lawsuit. *Id.* at 967. Additionally, the mortgagee's entitlement to the statutory cap was "well-established." *Id.* at 968.

Like in *JKM Services*, here the safe harbor provision applies. Additionally, Christiana Trust did not move for the receiver's appointment and was not a party to the receivership lawsuit. Although the receiver in *JKM Services* was appointed before the enactment of section 718.111(5), that is a distinction without any legal significance. Nothing in section 718.111(5) alters the analysis of *JKM Services*.

The trial court relied on section 48.23(1)(d), Florida Statutes (2020), and *U.S. Bank National Ass'n v. Quadomain Condominium Ass'n*, 103 So. 3d 977 (Fla. 4th DCA 2012), in finding that Christiana Trust was required to intervene in the Association's receivership action. Section 48.23(1)(d) states that the recording of a notice of lis pendens

> constitutes a bar to the enforcement against the property described in the notice of all interests and liens, including, but not limited to, federal tax liens and levies, unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien moves to intervene in such proceedings within 30 days after the recording of the notice and the court ultimately grants the motion. . . .

In *Quadomain*, this court stated:

> Notices of *lis pendens* are recorded for two purposes: to protect future purchasers or encumbrancers of the property from becoming "embroiled" in the dispute, and to protect the plaintiff from "intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien."

103 So. 3d at 978-79 (quoting *Fischer v. Fischer*, 873 So. 2d 534, 536 (Fla. 4th DCA 2004)). *Quadomain* further stated: "One who purchases property subject to a lis pendens 'is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself.'" *Id.* at 979 (quoting *Greenwald v. Graham*, 130 So. 608, 611 (Fla. 1930)).

The trial court's reliance on section 48.23(1)(d) and *Quadomain* is misplaced as demonstrated by *CitiMortgage, Inc. v. Flowers*, 189 So. 3d 1032 (Fla. 4th DCA 2016). In *Flowers*, the trial court, relying on *Quadomain*, vacated the bank's final judgment of foreclosure on the grounds that the trial court lacked subject matter jurisdiction. *Id.* at 1033. This court reversed the order that vacated the bank's final judgment, explaining that "*Quadomain* does not control in this case because it applies

to actions on interests which were unrecorded at the time of the initial lis pendens." *Id.* In *Flowers*, the bank's mortgage was recorded years before the association commenced its action. *Id.*

Like in *Flowers*, *Quadomain* does not apply to the instant case because the mortgage here was recorded in 2005, which was thirteen years before the Association commenced its receivership action. Thus, Christiana Trust was not required to intervene within thirty days after the lis pendens was recorded, which was before the mortgage had even been assigned to Christiana Trust.[1]

In conclusion, the trial court erred when it granted rehearing. The trial court got it right initially when it vacated the equitable lien, terminated the receivership, and found Christiana Trust was entitled to the safe harbor protection provided for by section 718.116(1)(b)(1). As such, we reverse the order granting rehearing and remand with directions to reinstate the original judgment.

*Reversed and remanded with instructions.*

WARNER and GERBER, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Further, pursuant to *Flowers*, the trial court erred in finding the foreclosure court lacked subject matter jurisdiction, to the extent this issue was properly before the trial court.

6